FILED

2012 JUN -4 AM 11: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| BRANOVATIONS, INC., a Florida Corporation<br><br>Plaintiff,<br><br>vs.<br><br>ONTEL PRODUCTS, CORPORATION, a New Jersey Corporation,<br><br>Defendant. | CASE NO.<br><br>2:12-cv-306-FtM-29SPC<br><br>ORIGINAL COMPLAINT FOR:<br><br>PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

## ORIGINAL COMPLAINT – INJUNCTIVE RELIEF

Plaintiff Branovations, Inc files this original complaint against Ontel Products, Corporation ("Ontel") alleging as follows:

### THE PARTIES

1. Plaintiff, Branovations, is a corporation, organized under the laws of the state of Florida, having its principal place of business at 16101 Parque Lane, Naples, Florida.

2. Defendant Ontel, on information and belief, is a corporation organized under the laws of the State of New Jersey, and has a principal place of business at 21 Law Drive Fairfield, NJ, 07004.

3. On information and belief, Ontel can be served through its registered agent Darius Framrose at 320 Mata Way, Ste. 102, San Marcos, CA 92069-2936.

## JURISDICTION & VENUE

4. This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 *et seq.*, and jurisdiction is properly based on 35 U.S.C. § 271 and 28 U.S.C. § 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b-c) and 1400(b). Upon information and belief, the Defendant transacts or has transacted business in this judicial district, or committed and/or induced acts of patent infringement in this district.

6. Plaintiff alleges an amount in controversy in excess of $ 75,000.00 exclusive of interest and costs.

7. The Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. # 1332 because Plaintiff's state of citizenship is different than the Defendant's state of citizenship and the amount in controversy exceeds $ 75,000.00 exclusive of interest and costs.

8. This Court possesses personal jurisdiction over Ontel because the Defendant transacts business or has transacted business in this judicial district.

9. Venue is proper in this Court pursuant to 28 U.S. C # 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PATENT INFRINGEMENT COUNT

On April 10, 2012, United States Patent No. 8,142,591 ("the '591 patent'), entitled "Garment and Brassiere Accessory" was duly and legally issued to Michelle E. De Sousa and Jose De Jesus De Sousa. A copy of the '591 patent is attached hereto as Exhibit A.

10. On May 16, 2012, the '591 patent was licensed to Branovations, Inc. Branovations, Inc. is the exclusive licensee with rights to sue for and collect past, present and future damages. See Exclusive License Agreement, attached hereto as Exhibit B.

11. The '591 patent is directed to a garment that attaches to the straps of a woman's brassiere to provide coverage of a woman's cleavage, similar to that of a camisole.

12. Pursuant to 35 U.S.C. § 282, the '591 patent is presumed valid.

13. Plaintiff Branovations manufactures and sells a product claimed by the '591 patent. Its product, which Branovation sells under the name "Cleava®," can be purchased online at www.cleava.com , or through more than 150 retail locations in the United States and in several foreign countries.

14. Branovations sold its first Cleava product on August 4, 2009.

15. On information and belief, Defendant Ontel makes, manufactures and/or sells a product known as Cami Secret™.

16. On January 20, 2010, Michelle De Sousa learned about the existence of the Cami Secret™ product from a contact at Focus Marketing Group.

17. On information and belief, Ontel purchased the domain name www.camisecret.com from GoDaddy.com. on January 4, 2010. (See Whois Domain Lookup, attached hereto as Exhibit C.)

18. On June 21, 2010, Scott Barlettano of Ontel ("Mr. Barlettano") placed an order for three Cleavas® (See order confirmation email, attached hereto as Exhibit D.)

19. On July 9, 2010, Branovations received an email from Mr. Barlettano of Ontel inquiring as to the status of his order. (See email, attached hereto as Exhibit E.)

20. Also on July 9, 2010, Branovations sent a confirmation email to Mr. Barlettano, informing him that his payment of $45.85 had been processed. (See email, attached hereto as Exhibit F.)

21. On July 13, 2010, a letter was sent from Branovations vice president JD De Sousa to Mr. Barlettano and Ashok Khubani of Ontel inquiring about a potential future business deal and informing them that patents were pending. (See letter, attached hereto as Exhibit G.)

22. On July 13, 2010, two of the three products that had been ordered shipped to Ontel. One product was on back order. (See shipping notice, attached hereto as Exhibit H.)

23. On November 2, 2010, Michelle and Jose De Jesus De Sousa purchased a Cami Secret™ in a Walmart store in New Orleans, LA.

24. On information and belief, the Cami Secret™, which is advertised as a "quick and easy clip-on cami," is sold online and through retail locations, including, but not limited to www.camisecret.com, www.amazon.com, Bed, Bath & Beyond, Walgreens, CVS, Target, Walmart, Ali Express, www.drugstore.com., Dollar Days, Harriet Carter, Hannaford, Office Depot, Sally Beauty, shopstyle.com, Starcrest of California, Sweetbay Supermarkets, Ross Dress for Less, Rite Aid, Sears, Toys R Us, Kmart, Walgreens, and QVC.

25. Ontel has infringed and continues to infringe at least claims 1, 2, 3, and 9 and 11 of the '591 patent, either literally or under the doctrine of equivalents, by its manufacture, use, sale, and/or offer for sale of the Cami Secret™ and any other similar products.

26. Ontel also contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products that infringe the '591 patent. Ontel is liable for its infringement of the '591 patent pursuant to 35 U.S.C. § 271.

27. Ontel's acts of infringement are irreparably harming and causing damage to Branovations.

28. Accordingly, Ontel's acts of infringement of the '591 patent, as alleged above, have injured Plaintiff and thus, Plaintiff is entitled to recover damages adequate to compensate it for Ontel's acts of infringement, which in no event can be less than a reasonable royalty.

29. Branovations has retained the undersigned law firm of Parrish, Lawhon & Yarnell, P.A. and Goldstein & Lipski PLLC and agreed to pay a reasonable fee for their services.

## DEMAND FOR JURY TRIAL

30. Plaintiff hereby demands a jury trial on all claims and issues.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for entry of judgment:

A. that Defendant Ontel Products Corporation has infringed one or more claims, specifically claims 1, 2, 3, 9 and 11 of the '591 patent;

B. that Defendant Ontel Products Corporation accounts for and pays to Plaintiff all damages caused by the infringement of the '591 patent, which by statute can be no less than a reasonable royalty;

C. that Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Defendant Ontel Product Corporation's infringement of the '591 patent;

D. that Plaintiff be awarded a preliminary and permanent injunction against Ontel's continued infringement of the '591 patent;

E. that attorney fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law be awarded to Plaintiff;

F. that Plaintiff be granted such other and further relief as the Court may deem just and proper under the current circumstances.

Respectfully submitted,

By: _____
Anthony Lawhon
FL Bar No. 965390
Parrish, Lawhon & Yarnell PA
3431 Pine Ridge Rd.
Naples, FL. 34109-3834
Tel: (239) 566-2013
Fax: (239) 566-9561
Email: tonylawhon@napleslaw.us
ATTORNEYS FOR PLAINTIFF