IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| BRANOVATIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:12-CV-306-FTM-29SPC |
| v. ) | |
| ) | |
| ONTEL PRODUCTS, CORPORATION, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |

## **DEFENDANT ONTEL PRODUCTS, CORPORATION'S ANSWER AND COUNTERCLAIMS**

For its answer under Fed.R.Civ.P. 8(b) to Plaintiff Branovations, Inc.'s ("Branovations") Complaint, and Amended Complaint (hereinafter, collectively, the "Complaint"), Defendant Ontel Products, Corporation ("Ontel") states as follows:

1.  Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the allegations.

2.  Ontel admits the allegations in Paragraph 2.

3.  Ontel denies the allegations in Paragraph 3. Counsel for Ontel has agreed to accept service of process.[1]

4.  Ontel admits the allegations in Paragraph 4, but denies that Branovations has a valid patent, and/or that Ontel infringes the patent.

5.  Ontel admits transacting business, or having transacted business, in this judicial district, but denies the remaining allegations in Paragraph 5.

---

[1] Plaintiff agreed to a due date of August 20, 2012 for Ontel to file this Answer, in view of Ontel waving the defects in plaintiff's service.

6. Ontel admits that plaintiff alleges an amount in controversy in excess of $75,000, but denies any liability and/or damages.

7. Ontel denies the allegations in Paragraph 7.

8. Ontel denies the allegations in Paragraph 8.

9. Ontel denies the allegations in Paragraph 9.

Unnumbered paragraph between Paragraph 9 and Paragraph 10: Ontel denies the allegations in the unnumbered paragraph between Paragraph 9 and Paragraph 10.

10. Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and therefore denies the allegations.

11. The allegations in paragraph 11 call for a legal conclusion, notably the construction of patent claims, and on this basis Ontel denies the allegation.

12. Ontel admits that the '591 patent is presumed valid under 35 U.S.C. § 282, but despite the presumption, contends that the '591 patent is in fact invalid.

13. Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies the allegations.

14. Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies the allegations.

15. Ontel admits the allegations in Paragraph 15.

16. Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and therefore denies the allegations.

17. Ontel admits the allegations in Paragraph 17.

18. Ontel admits that Exhibit D appears to be an order confirmation email for three Cleavas®, dated June 21, 2010, but lacks information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies the allegations.

19.     Ontel admits that Exhibit E appears to be an email from Scott Barlettano of Ontel to Branovations, dated July 9, 2010, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and therefore denies the allegations.

20.     Ontel admits that Exhibit F appears to be an email from Branovations to Mr. Barlettano dated July 9, 2010, but lacks information sufficient to form a belief about the truth of the allegations in Paragraph 20, and therefore denies the allegations.

21.     Ontel admits that Exhibit G appears to be a letter from JD De Sousa of Branovations to Mr. Barlettano of Ontel dated July 13, 2010, but lacks information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies the allegations.

22.     Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and therefore denies the allegation.

23.     Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and therefore denies the allegations.

24.     Ontel admits that the Cami Secret™ is advertised as a "quick and easy clip-on cami," and is sold online and through retail locations, including www.camisecret.com.

25.     Ontel denies the allegations in Paragraph 25.

26.     Ontel denies the allegations in Paragraph 26.

27.     Ontel denies the allegations in Paragraph 27.

28.     Ontel denies the allegations in Paragraph 28.

29.     Ontel lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and therefore denies the allegations.

30.     Ontel hereby demands a jury trial on all claims and issues.

**PLAINTIFF'S PRAYER FOR RELIEF**:  Ontel denies that Branovations is entitled to any relief.

### AFFIRMATIVE DEFENSES
### (Fed.R.Civ.P. 8(c))

Further responding to the Complaint, and as additional defenses thereto, Ontel asserts the following affirmative defenses, without admitting any allegations of the Complaint not previously admitted.

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity:  Lack of Novelty)

1. On information and belief, under 35 U.S.C. § 101, the '591 patent does not claim any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity:  Anticipation)

2. On information and belief, under 35 U.S.C. § 102(a), the inventions claimed in the '591 patent were known or used by others in this country before the invention thereof by the applicant and/or were patented or described in a printed publication before the invention thereof by the applicant; under 35 U.S.C. § 102(b), the inventions claimed in the '591 patent were patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for the patent in the United States, and/or were in public use or on sale in this country more than one year prior to the date of the application for patent in the United States.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity:  Obviousness)

3. On information and belief, under 35 U.S.C. § 103, the inventions claimed by the '591 patent are obvious.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity:  Defective Patent Disclosure)

4.	On information and belief, under 35 U.S.C. § 112, ¶ 1, the specification of the '591 patent does not contain an adequate written description of the invention, and/or the specification of the '591 patent does not enable a person of skill in the art to which it pertains to make and use the claimed inventions, and/or under 35 U.S.C. § 112, ¶ 2, the '591 patent does not particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

## FIFTH AFFIRMATIVE DEFENSE
### (Noninfringement)

5.	Ontel's Cami Secret™ product does not infringe any valid claim of the '591 patent literally or under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE
### (Improper Venue)

6.	Under Fed. R. Civ. P. 12(b)(3), venue is improper in this district.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

7.	Branovations is estopped, by virtue of statements made during the prosecution of the '591 patent, from alleging that the equivalent of its patent scope extend to cover the Cami Secret™ product.

## ONTEL'S COUNTERCLAIMS FOR DECLARATION OF INVALIDITY, AND NONINFRINGEMENT

### PARTIES

1. Counterclaim-Plaintiff Ontel Products, Corporation ("Ontel") is a corporation organized under the laws of New Jersey and having its principal place of business in Fairfield, New Jersey.

2. Counterclaim-Defendant Branovations, Inc. ("Branovations") is a Florida corporation having its principal place of business in Naples, Florida.

### THE CONTROVERSY

3. Counterclaim-Defendant Branovations has sued Counterclaim-Plaintiff Ontel for infringement of U.S. Patent No. 8,152,591 (the "'591 patent"). Ontel has denied infringement and has asserted various defenses, affirmative defenses, and Fed. R. Civ. P. 12 responses to the Complaint. Those denials and assertions are incorporated by reference into these counterclaims.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may declare the rights of the parties under 28 U.S.C. §§ 2201 and 2202, to the extent this is a case of actual controversy within this Court's jurisdiction. Ontel is entitled to seek declaratory judgment that the '591 patent is invalid, unenforceable, and not infringed.

6. To the extent venue is proper for Branovations's Complaint, it is also proper for these counterclaims under 28 U.S.C. § 1391.

## COUNT ONE
### (Declaratory Judgment of Invalidity)

7. On information and belief, under 35 U.S.C. § 101, the '591 patent does not claim any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof.

8. On information and belief, under 35 U.S.C. § 102(a), the inventions claimed in the '591 patent were known or used by others in this country before the invention thereof by the applicant.

9. On information and belief, under 35 U.S.C. § 102(a), the inventions claimed in the '591 patent were patented or described in a printed publication before the invention thereof by the applicant.

10. On information and belief, under 35 U.S.C. § 102(b), the inventions claimed in the '591 patent were patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for the patent in the United States.

11. On information and belief, under 35 U.S.C. § 102(b), the inventions claimed in the '591 patent were in public use or on sale in this country more than one year prior to the date of the application for patent in the United States.

12. On information and belief, under 35 U.S.C. § 103, the inventions claimed by the '591 patent are obvious.

13. On information and belief, under 35 U.S.C. § 112, ¶ 1, the specification of the '591 patent does not contain an adequate written description of the invention.

14. On information and belief, under 35 U.S.C. § 112, ¶ 1, the specification of the '591 patent does not enable a person of skill in the art to which it pertains to make and use the same.

15.     On information and belief, under 35 U.S.C. § 112, ¶ 2, the '591 patent does not particularly point out and distinctly claim the subject matter which the applicants regard as their invention.

## COUNT TWO
### (Declaratory Judgment of Non-Infringement)

16.     Counterclaim-Plaintiff Ontel repeats and realleges all preceding paragraphs 1-15.

17.     Ontel's Cami Secret™ product does not infringe any valid claim of the '591 patent literally or under the doctrine of equivalents.

## PRAYER FOR RELIEF

Wherefore, Ontel respectfully requests that the Court enter judgment for Ontel and against Branovations, that:

(a) the claims of the '591 patent are not valid;

(b) the claims of the '591 patent are not infringed;

(c) Branovations is entitled to no damages, interests, costs or other relief associated with this action;

(d) Ontel is entitled to an award of its costs and fees associated with this action under 35 U.S.C. § 285; and

(e) Ontel is entitled to such further and other relief as this Court deems just and proper.

Ontel hereby demands a jury trial on all claims and issues.

Dated: August 20, 2012		Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
Museum Tower – Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By:	/s/  Herman J. Russomanno III
	Herman J. Russomanno (Fla. Bar No. 240346)
	hrussomanno@russomanno.com
	Herman J. Russomanno (Fla. Bar No. 21249)
	herman2@russomanno.com

	VENABLE LLP
	William D. Coston (pro hac vice to be filed)
	Roger A. Colaizzi (pro hac vice to be filed)
	Steven J. Schwarz (pro hac vice to be filed)
	575 Seventh Street, NW
	Washington, DC 20004
	Telephone: (202) 344-4400
	Facsimile: (202) 344-8300
	wdcoston@venable.com
	racolaizzi@venable.com
	sjschwarz@venable.com

	*Attorneys for Defendant and Counterclaim-Plaintiff Ontel Products, Corporation*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August, 2012, a true and correct copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  Herman J. Russomanno III