UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANOVATIONS, INC., a Florida
corporation,

                        Plaintiff,

vs.                            Case No.  2:12-cv-306-FtM-29CM

ONTEL PRODUCTS CORPORATION, a New
Jersey Corporation,

                        Defendant.

_____

## ORDER

This matter comes before the Court on the following motions *in limine*, all of which have been responded to by the opposing party:

**1. Plaintiff's Motion In Limine to Exclude Expert Report and Expert Testimony of Defendant's Designated Expert, Russell W. Mangum, III (Doc. #56):** The Court adopts and incorporates its discussion of expert witness evidence set forth in its Opinion and Order concerning the summary judgment motions.  Applying these principles, the motion in limine is **denied.**

**2. Plaintiff's Motion In Limine to Exclude Reference to Summary of "Gross Costs" in Documents and to Exclude Testimony Regarding "Gross Costs" and to Limit Defendant to Cost Documents Produced In Discovery (Doc. #58):** Because gross costs are not excluded from the relevant factors for determining a reasonable royalty, the motion is **denied.**

3. **Defendant's Motion In Limine . . . To Exclude Evidence and Argument Regarding Priority Date (Doc. #71):** Because evidence regarding priority date does not appear to be irrelevant, the motion is **denied.**

4. **Defendant's Motion In Limine . . . To Limit Testimony of Plaintiff's Lay Witnesses (Doc. #72):** Defendant seeks a pretrial order compelling lay witnesses who testify for plaintiff to stay within the bounds of Fed. R. Evid. 701. This is little more than an attempt to obtain an obey-the-law injunction, which have been repeatedly criticized in other contexts. E.g. S.E.C. v. Goble, 682 F.3d 934, 949 (11th Cir. 2012). The Court sees no reason to enter such an in limine order. The motion is **denied.**

5. **Plaintiff's Motion In Limine to Exclude Written Expert Reports at Trial (Doc. #74):** Because portions of the expert report may be admissible, and under some circumstances perhaps even the entire report, the motion is **denied.**

6. **Plaintiff's Renewed Motion In Limine to Exclude Reference to Summary of "Gross Costs" in Documents and to Exclude Testimony Regarding "Gross Costs" and to Limit Defendant to Cost Documents Produced In Discovery (Doc. #75):** The motion is **denied.** See paragraph 2 above.

7. **Plaintiff's Motion In Limine To Exclude Hearsay Exhibits (Doc. #76):** Plaintiff should raise objections to these exhibits at

trial if a proper predicate is not established.  The Court declines to determine the admissibility of these documents in an *in limine* motion.  The motion is **denied.**

**8.  Plaintiff's Motion In Limine to Exclude Witnesses Ross and Frey (Doc. #77):** Finding no proper basis to exclude such witnesses, the motion is **denied.**

Accordingly, it is now

**ORDERED:**

1.  Plaintiff's Motion In Limine to Exclude Expert Report and Expert Testimony of Defendant's Designated Expert, Russell W. Mangum, III (Doc. #56) is **DENIED.**

2.  Plaintiff's Motion In Limine to Exclude Reference to Summary of "Gross Costs" in Documents and to Exclude Testimony Regarding "Gross Costs" and to Limit Defendant to Cost Documents Produced In Discovery (Doc. #58) is **DENIED.**

3.  Defendant's Motion In Limine . . . To Exclude Evidence and Argument Regarding Priority Date (Doc. #71) is **DENIED.**

4.  Defendant's Motion In Limine . . . To Limit Testimony of Plaintiff's Lay Witnesses (Doc. #72) is **DENIED.**

5.  Plaintiff's Motion In Limine to Exclude Written Expert Reports at Trial (Doc. #74) is **DENIED.**

6.  Plaintiff's Renewed Motion In Limine to Exclude Reference to Summary of "Gross Costs" in Documents and to Exclude Testimony

Regarding "Gross Costs" and to Limit Defendant to Cost Documents Produced In Discovery (Doc. #75) is **DENIED.**

7.  Plaintiff's Motion In Limine To Exclude Hearsay Exhibits (Doc. #76) is **DENIED.**

8.  Plaintiff's Motion In Limine to Exclude Witnesses Ross and Frey (Doc. #77) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of February, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record

-4-